UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| **DANIEL JAROCH,** | ) |
|  | ) |
|  | ) Case No. 17 CV 8518 |
| **Plaintiff,** | ) |
| vs. | ) **Honorable** |
|  | ) **Magistrate Judge** |
|  | ) |
| **Florida Fruit Juices, Inc.,** | ) |
| **Donald Franko, Sr.,** | ) |
| **Donald Franko, Jr. and** | ) |
| **William J. Franko,** | ) |
|  | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, DANIEL JAROCH ("Plaintiff"), by his attorney THE LAW OFFICE OF JOHN IRELAND, for his Complaint against the Defendant Florida Fruit Juices, inc., (hereinafter referred to as "FFJ") and Individual Defendants Donald Franko, Sr., Donald Franko, Jr., and William J. Franko and alleges as follows:

### NATURE OF ACTION AND PARTIES

1. This civil action is brought by the above-named individual plaintiff who seeks redress for the Defendant's violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 et seq. and Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ) as well an common law claim of Conversion of Personal Property.

2. Plaintiff was employed by the Defendants.

1

3. Plaintiff was not paid for all hours worked and was not paid any wages including overtime rate of pay for hours worked in excess of forty hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA").

4. Plaintiff worked hundreds/thousands of hours of overtime each year, for each year Plaintiff worked for Defendants, yet Plaintiff was not paid for those work hours in any manner.

5. Upon information and belief, Defendant Florida Fruit Juices, inc is a private domestic corporation with its operations in Chicago, Illinois. It is a packager and seller of juices and other drink products in Chicago and Illinois.

6. Donald Franko, Sr., is an employer under the FLSA, IMWL and IWPCA based on his role as President of the Defendant corporation, in that he had day-to-day control over all the companies operations including compensation of the employees including the Plaintiff. He was aware and knowledgeable of the hours Plaintiff was working, and that Plaintiff was not paid for all work hours and overtime wages.

7. Donald Franko, Jr. is an employer under the FLSA, IMWL and IWPCA based on his role as Vice-President of the Defendant corporation, in that he had day-to-day control over all the companies operations including compensation of the employees including the Plaintiff. He was aware and knowledgeable of the hours Plaintiff was working, and that Plaintiff was not paid for all work hours and overtime wages.

8. William J. Franko, is an employer under the FLSA, IMWL and IWPCA based on his role as a manager of the Defendant corporation, in that he had day-to-day control over all the companies operations including compensation of the employees including the Plaintiff.

He was aware and knowledgeable of the hours Plaintiff was working, and that Plaintiff was not paid for all work hours and overtime wages.

## JURISDICTION AND VENUE

9. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendant pursuant to Federal Rule 4 (k)(1), in that Defendant has sufficient contact with the state of Illinois as it conducted business within the state. *See* 735 ILCS 5/2-209.

10. Defendant's operations exceed sales of $500,000.00.

11. Defendant, is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

12. Courts have found this element satisfied where employees "merely handled supplies or equipment that originated out-of-state." **Rodriguez v. Almighty Cleaning, Inc**., 784 F.Supp.2d 114, 354*354 120 (E.D.N.Y.2011). Enterprise coverage "applies so long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce." **Archie v. Grand Cent. P'ship,** 997 F.Supp. 504, 531-32 (S.D.N.Y.1998) (listing cases)).

13. Here Plaintiff used numerous items that moved in interstate commerce.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

**GENERAL ALLEGATIONS**

15. This lawsuit arises out of Defendant's practice of knowingly and willfully refusing to pay the Plaintiff for all compensable work time and for failing to pay any wages for overtime work hours for those weeks when he worked more than 40 hours in a particular week.

16. At all times relevant, Plaintiff was a non-exempt employee of the Defendant, as defined by the FLSA.

17. Plaintiff's hourly rate of pay was $41.87 per hour.

18. Plaintiff was employed by the Defendant from 1999 through September 28, 2017.

19. FFJ manufactures fruit juices which are distributed nationally. They also co-pack juice drink products for grocery stores and wholesale distributors throughout the country,

20. At all times relevant, FFJ was an employer, as defined by the FLSA and Illinois state law.

21. Defendant FFJ is engaged in interstate commerce as that term is used in the FLSA.

22. During the course of employment with Plaintiff was not exempt from overtime wages. However, the Defendant failed to pay him even straight time for overtime hours worked.

23. During the course of his employment with Defendant, the Plaintiff routinely worked in excess of 40 hours per week.

24. Despite the fact that the Plaintiff was not an exempt employee, Defendant did not pay him the proper wages he was owed, including payment of all compensable time and payment of overtime wages for work in excess of 40 hours per week.

25. Plaintiff is entitled to actual and liquidated damages for Defendant's actions.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

26. Plaintiff re-alleges and incorporates by reference all the above allegations.

27. Under the FLSA, the Plaintiff was entitled to be paid overtime for all hours worked over 40 in a given work week.

28. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

29. Defendant failed to compensate the Plaintiff at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

30. Defendant's violation of the FLSA for failure to pay the Plaintiff overtime wages was willful and deliberate.

31. Upon information and belief, Defendant's practices as described above were not approved in writing by the United States Department of Labor.

32. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

33. Due to Defendant's violation of the FLSA, the Plaintiff is entitled to recover from Defendant his unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

34. Plaintiff repeats and re-alleges the above paragraphs.

35. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

36. Defendant failed to pay the Plaintiff for overtime hours worked.

37. The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendant's actions were willful and not in good faith.

38. Defendant is liable to the Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq*.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

    a.    Award all actual damages suffered by the Plaintiff;

    b.    Enter an order declaring that Defendant willfully violated the overtime provisions of the FLSA and the IMWA;

    c.    Award the Plaintiff damages in the amount of overtime wages required by the FLSA and the IMWA improperly denied him by Defendant's actions;

    d.    Award the Plaintiff liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

    e.    Award the Plaintiff punitive damages;

    f.    Award the Plaintiff prejudgment interest pursuant to the IMWA;

    g.    Award the Plaintiff post-judgment interest;

    h.    Award the Plaintiff reasonable attorneys' fees as well as the costs of this action;

    i.    Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## THIRD CLAIM

**Bonus Claims Against Defendant**
**Under Illinois Wage Payment and Collection Act "IWPCA"**

39. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

40. Plaintiff was employed by Defendants.

41. It is and was at all relevant times, Defendant offered and Plaintiff accepted a yearly bonus based on Plaintiff having worked for a year and profitability of the business.

42. Plaintiff was promised and paid $10,000 each September for many years.

43. In September of 2016 Defendant, without notice to Plaintiff, unilaterally changed the bonus to $5,000.00, thus breaching the Agreement with Plaintiff for payment of a $10,000 bonus.

44. In September of 2017, Defendant again breached the parties IWPCA bonus agreement, by firing Plaintiff one day before he was to be paid the promised and earned bonus.

45. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct.

46. This cause of action arises out of employment contracts or agreements; written and/or oral.

47. The named Plaintiffs were employed by Defendant.

48. Plaintiff was not an independent contractor, rather were employee of the Defendant by oral agreement and/or written contract.

49. Plaintiff's employment was in the usual course of business for which such service is performed.

50. Plaintiff does not possess a proprietary interest in the Defendant.

51. The Defendant is an "employer" under the terms of the IWPCA section 2.

52. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

53. Individual Defendants are named as an employers, as they knowingly permitted violations of the IWPCA.

54. Compensation originating from company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

b. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

c. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1;

d. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

e. Consequential damages;

f. Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month due under the IWPCA for the delay in payment of due wages;

g. and costs of this action; and

h. Such other relief as this Court shall deem just and proper.

## FOURTH CLAIM

### COMMON LAW CONVERSION CLAIM

55. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

56. Plaintiff owns or has the right to possess personal property currently in the possession of Defendants and/or on Defendants property.

57. The personal property includes the following items:

   a. Miller Welder

    b. Engine driven welder trail blazer 300 series.

    c. Miller Mig Welder 145

    d. Parts washer

    e. Tool bag with tools

    f. 16foot aluminum Plank

    g. 48 inch rigid pipewrench

    h. Hydraulic gear puller

    i. Roof torches

58. Defendant intentionally interfered with the plaintiff's personal property, sometimes also described as exercising "dominion and control" over the property, by not allowing Plaintiff to remove his property upon his termination.

59. That the interference deprived the plaintiff of possession or use of the personal property in question; and

60. Damaged the Plaintiff by depriving him of the property, thereby causing Plaintiff damages

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

    a. Return of the converted property

    b. Payment for use of Plaintiff's property

    c. Payment for the value of the property and/or reduced value of the property.

    d. compensatory damages

    e. consequential *damages*

    f. and costs of this action; and

    g. Such other relief as this Court shall deem just and proper.

Conversion is a tort that exposes you to liability for damages in a civil lawsuit. It applies when

Dated: November 25, 2017                      Respectfully submitted,

                                                             ____/S/John C. Ireland

                                                            John Ireland
                                                            THE LAW OFFICE OF JOHN C. IRELAND
                                                            636 Spruce Street
                                                            South Elgin, IL 60177
                                                            Telephone: (630) 464-9675
                                                            Facsimile 630-206-0889
                                                            attorneyireland@gmail.com