Law Offices Of

## SULLIVAN HINCKS & CONWAY

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

120 WEST 22nd STREET, SUITE 100

OAK BROOK, ILLINOIS 60523

TEL (630) 573-5021

FAX (630) 573-5130

www.shlawfirm.com

DANIEL C. SULLIVAN
PATRICK M. HINCKS
JOHN J. CONWAY
DESMOND P. CURRAN
MATTHEW P. BARRETTE
RYAN A. MAHONEY
KEVIN T. BREJCHA

May 11, 2018

**VIA U.S. MAIL & E-MAIL: attorneyireland@gmail.com**
John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin IL 60177

    RE:    <u>Jaroch v. Florida Fruit Juices, Inc., et.al.</u>
              Case No. 17-CV-8518

Dear Mr. Ireland:

Please accept this letter as Defendants' response to Plaintiff's Request to Inspect the premises of Defendant, Florida Fruit Juices, Inc ("FFJ"). For the reasons that follow, Defendants object to any on-site inspection of the FFJ premises.

As you know, FFJ is in the business of producing juice drinks and related products at its facility. Accordingly, FFJ's business necessarily employs proprietary processes that FFJ protects from public view. Furthermore, the fact that FFJ is creating products intended for human consumption requires compliance with rigorous safety and health procedures that could potentially be compromised if FFJ were required to permit inspection of the premises during working hours by non-employees. As a general matter, then, FFJ objects to your Request to Inspect on the basis of safety as well as protection of FFJ's products and proprietary processes and materials. Such an inspection would impose an undue burden on FFJ particularly where, as here, the information sought by Plaintiff is available via other, less burdensome means.

For example, the first reason that your request to inspect lists for access to FFJ's premises is to conduct "[i]nspection and photographing" of Federal and/or state-mandated postings regarding employee rights. However, FFJ has already provided you with two full-color photos of the postings at FFJ's facility. (Copies of the photos, bearing Bates Numbers D00181-82, are attached to this letter for your reference). Plaintiff has not articulated any reason why these photos are insufficient

to satisfy Plaintiff's request regarding such postings. Further, as detailed in Defendants' responses to discovery, FFJ underwent a full FLSA audit by the U.S. Department of Labor in 2016, and there were no findings related to a lack of any required postings. Accordingly, Plaintiff has not set forth sufficient reasons as to why a physical inspection of the premises would be necessary to confirm what has already been disclosed via photographs and confirmed by the U.S. Department of Labor.

Secondly, Plaintiff's request to view and photograph "all locations where Plaintiff worked" is overbroad and without relevance to the questions raised by this lawsuit. Plaintiff's lawsuit seeks compensation for alleged unpaid overtime. Plaintiff has not articulated why he would need access to "all locations" where he ever performed work during his 18 years of employment with FFJ in order for him to establish his claim under the FLSA and/or Illinois minimum wage laws. Plaintiff can certainly testify as to the locations where he performed work, but there is no basis stated as to why Plaintiff would require a physical inspection of the premises to support his wage claims. *See, e.g.*, Vander Vennet v. Am. Intercontinental Univ. Online, 2007 U.S. Dist. LEXIS 92891, *10-11 (N.D. Ill. 2007)(Hart, J.)(denying request for inspection of premises in overtime wages case, finding that "Plaintiffs' testimony about the arrangement of the office and their interaction with supervisors is sufficient.")

With regard to Plaintiff's stated intention to "view and photograph Plaintiff's personal property, as listed in the complaint," Defendants note that they have denied that they are retaining any of Plaintiff's personal property against his will. As noted in Defendants' responses to discovery, Defendants provided Plaintiff with myriad opportunities to come to the FFJ facility and remove any of his belongings. Plaintiff did so over the course of two days following his termination of employment at FFJ. Following those two days, Plaintiff stated that the only item of his remaining on the FFJ premises was a 16-foot aluminum plank that he was unable to remove at that time. Defendants have retained that plank and will make it available for Plaintiff to remove at a mutually-acceptable time. However, with regard to the other items listed in Plaintiff's complaint, Plaintff has provided nothing beyond unsupported allegations to establish the existence of such items. Further, Plaintiff has provided no evidence that would establish his ownership of such items. Absent some showing on the part of Plaintiff that (a) the listed items actually exist, (b) the items were left by Plaintiff at the FFJ facility, and (c) that the Plaintiff purchased the items with his own money, Defendants cannot permit Plaintiff to engage in a fishing expedition on the FFJ premises regarding allegedly "converted" items.

As to Plaintiff's request to view and photograph Plaintiff's "office," "computer," or "work station," please note that Plaintiff has not worked at FFJ's facility for over seven months. Plaintiff did not generally use a computer or smartphone during his employment with FFJ. (Note that he often routed e-mail conversations through the general FFJ e-mail or through Don Franko's e-mail, as demonstrated in the dozens of e-mails Defendants produced in discovery). Therefore, there is nothing for Plaintiff to inspect at the facility in this regard.

**SULLIVAN HINCKS & CONWAY**

MAY 11, 2018
PAGE 3 OF 3

Finally, Defendants object to permitting Plaintiff's inspection based on Plaintiff's repeated pattern of trespassing and harassment at the FFJ facility since his termination, as related to you in my letter of March 6, 2018 (attached). Given Plaintiff's past behavior of entering onto FFJ's premises, disparaging FFJ to its current employees, and generally harassing FFJ's current employees regarding their continued employment at FFJ, Defendants cannot help but see this latest Request to Inspect as a continuation of Plaintiff's harassing and unwarranted conduct toward FFJ. Accordingly, for the reasons set forth herein, Defendants will not consent to an inspection of FFJ's premises at this time.

Thank you for your attention to this matter.

Sincerely,

Ryan A. Mahoney




D00181



Law Offices Of

# SULLIVAN HINCKS & CONWAY

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

120 WEST 22nd STREET, SUITE 100

OAK BROOK, ILLINOIS 60523

DANIEL C. SULLIVAN
PATRICK M. HINCKS
JOHN J. CONWAY
DESMOND P. CURRAN
MATTHEW P. BARRETTE
RYAN A. MAHONEY
KEVIN T. BREJCHA

TEL (630) 573-5021
FAX (630) 573-5130
www.shlawfirm.com

March 6, 2018

**VIA U.S. MAIL & E-MAIL: attorneyireland@gmail.com**
John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin IL 60177

      RE:    <u>Jaroch v. Florida Fruit Juices, Inc., et.al.</u>
                   Case No. 17-CV-8518

Dear Mr. Ireland:

It has come to our attention that your client, Daniel Jaroch, has made repeated visits to the Florida Fruit Juices ("FFJ") premises over the past several weeks and engaged in harassing or otherwise unwelcome behavior toward FFJ's current employees. The FFJ employees approached by your client report that he has made a number of disparaging remarks regarding FFJ and our clients. Most recently, Mr. Jaroch came onto FFJ property this morning to tell a current employee not to accept a raise in salary because FFJ "would just fire him shortly after." Mr. Jaroch was captured on FFJ's security cameras trespassing on FFJ's property.

This behavior is unacceptable, particularly in light of the ongoing lawsuits your client has brought against our clients. We request that Mr. Jaroch immediately cease and desist all visits to FFJ's property and all contact with FFJ's current employees regarding their employment at FFJ. If Mr. Jaroch continues this unacceptable behavior, we will pursue appropriate remedies to protect our clients' interests.

                                                          Sincerely,

                                                          Ryan A. Mahoney