**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DANIEL JAROCH,<br><br>      Plaintiff,<br><br>  v.<br><br>FLORIDA FRUIT JUICES, INC.,<br>DONALD FRANKO, SR.,<br>DONALD FRANKO, JR., and<br>WILLIAM J. FRANKO<br><br>      Defendants. | Case No.: 17-CV-8518<br><br>Hon. Virginia M. Kendall |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S**
**FIRST REQUEST FOR PRODUCTION**

NOW COME Defendants, FLORIDA FRUIT JUICES, INC.; DONALD FRANKO, SR.;

DONALD FRANKO, JR.; and WILLIAM J. FRANKO (hereinafter "Defendants"), and pursuant

to Rules 26 and 34 of the Federal Rules of Civil Procedure, submit the following answers to

Plaintiff's First Set of Interrogatories:

1.       Any and all documents which demonstrate that Defendant has fulfilled all

obligations under FLSA for salary-exemption for the Plaintiff.

**RESPONSE:  Objection. This Request is overly broad, unduly burdensome, and not**

**reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is**

**not limited to the relevant time period in question, which is the last three years of Plaintiff's**

**employment with FFJ.**

**Without waiving said objection, see the documents previously produced by**

**Defendants, bearing Bates Numbers D00001-13, showing the amount of salary Plaintiff was**

paid during his final three years of employment with FFJ as well as the management position Plaintiff occupied at FFJ, the employees he regularly directed, and his participation in the hiring and firing of FFJ employees under his direction. In addition, see payroll records being produced herewith, bearing Bates Numbers D00014-27, denoting salary paid to Plaintiff during his last three years of employment with FFJ; management meeting materials, bearing Bates Numbers D00028-54, showing Plaintiff's regular attendance at FFJ management meetings during his employment; and e-mails/invoices, bearing Bates Numbers D00055-103, demonstrating Plaintiff's regular practice of representing/binding the company via orders for equipment, materials, and services. Investigation continues.

2.      Any and all documents which reflect all efforts made by the defendant to comply with the minimum wage laws of Illinois and FLSA, overtime wage laws of Illinois and FLSA.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ, nor is it limited to the employee in question (Plaintiff).**

**Without waiving said objection, see Response to Request to Produce #1. See, also, documents bearing Bates Numbers D00104-127, regarding a 2016 U.S. Department of Labor audit of FFJ, and D00181-82, showing labor law posters at FFJ's facilities. Investigation continues.**

3.      Any and all documents which reflect the organizational and management structure of the defendant, including the name of each and every person holding supervisory and management level positions and the responsibilities of each of these individuals/positions in the supervision and/or management of the defendant.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objection, see pp. D00002-13, previously produced by Defendants. See, also, management meeting materials, bearing Bates Numbers D00028-54. Investigation continues.**

4.     Any and all documents which reflect the specific job duties of plaintiff.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objection, see Job Description, attached as pp. D00012-13 to Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project. See, also, documents bearing Bates Numbers D00128-152, containing the Daily Maintenance Logs for FFJ during Plaintiff's last three years of employment. Investigation continues.**

5.     Any and all documents which reflect the name, address, phone numbers, email addresses of the employees employed by Defendant for the last three years prior to filing of the compliant.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. The identity – particularly the personally-identifiable information sought herein – of ALL employees of FFJ has no**

relevance to whether Plaintiff received proper compensation during his employment with FFJ.

Without waiving said objection, the identify of FFJ employees with whom Plaintiff regularly interacted as a part of his job duties as Maintenance Manager of FFJ are included on pp. D00001, D00006-9, and D00011, previously produced by Defendants. Investigation continues.

6.    Any and all documents which demonstrate payments to the Plaintiff at any time by Defendant.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objection, see p. D00001, previously produced by Defendants, as well as D00014-27, produced herewith. Investigation continues.**

7.    Any and all Policies and Procedures manuals, handbooks and other written documentation of the Defendant's policies, including Any [*sic*] and all documents which reflect the defendant's discipline and termination policies and procedures and including any employee handbooks, brochures, pamphlets and/or other written materials relevant to employment with Defendant relating to compliance with FLSA and/or payment under the regulations of FLSA.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objection, during the time of Plaintiff's employment, FFJ did not have any formal, written policies and procedures; instructions and/or guidance to employees was provided verbally. Since Plaintiff's termination, FFJ has memorialized its existing policies and procedures in an Employee Handbook, produced herewith and bearing Bates Numbers D00153-179.**

8.     Any and all documents which Defendants will use to demonstrate that it meets their burden of proof that Plaintiff was properly classified as exempt.

**RESPONSE: See Response to Request to Produce #1. Investigation continues.**

9.     Any and all documents which reflect the organizational structure of the work force of the Defendant's business during Plaintiff's employment with the defendant.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request appears to be unduly repetitive, largely seeking information already requested in prior requests.**

**Without waiving said objections, see Response to Request #3. Investigation continues.**

10.     Any and all documents which reflect the actual hours Plaintiff worked for each week employed during his employment with Defendant.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, as a member of FFJ's management team, Plaintiff was not required to document his hours worked. He was paid on a salary basis. See, also, the description of Plaintiff's work schedule contained in Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, pp. 8-9. Investigation continues.**

11.     Any and all notes, e-mails. memorandums or any other writing that were prepared by the defendant that concern, touch on and/or directly discuss the Plaintiff's claims or Defendant's defenses other than those to and from Defendants Counsel.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, the vagueness of the Request would encompass any and all documents involving Plaintiff's employment at any time during the last three years, which would be unduly burdensome for Defendants to collect and produce.**

**Without waiving said objections, see materials already produced by Defendants as part of Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project.**

12.     Any and all documents and data that demonstrate how Defendant's [*sic*] decided to classify Plaintiff as "salaried" and/or to claim the salary exemption for Plaintiff, and/or change Plaintiff from hourly to salaried.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objection, see materials produced in response to Request to Produce #6. For clarification purposes, Plaintiff was always a salaried employee during his employment with FFJ, so there are no documents evidencing a "change" in Plaintiff's designation. Investigation continues.**

13.     Any and all documents and data relevant to or identified in your answers to interrogatories or which support, or are relevant to, each contention, answer or response you gave to such interrogatories, including, but not limited to, the basis for such contention, answer or response.

**RESPONSE: See, Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as all documents produced herewith. Investigation continues.**

14.     All emails and text messages from to Plaintiff anytime during his employment.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request is not limited in any way to the subject matter of the instant lawsuit.**

**Without waiving said objection, to Defendants' knowledge, Plaintiff did not utilize e-mail and/or text messages as a part of his employment at FFJ, except via the use of a general FFJ e-mail address and/or utilizing Donald Franko, Jr. as an e-mail conduit, as demonstrated in D00055-103. Investigation continues.**

15.     All emails relating to Plaintiff, this suit, or any suit against DEFENDANT, other than to and from counsel for Defendants.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request is not limited in any way to the subject matter of the instant lawsuit. This Request also improperly seeks "All e-mails relating to…any suit against DEFENDANT," which is not limited by time period or subject matter and could include documents that are wholly irrelevant to the matter at issue in this lawsuit.**

**Without waiving said objection, see D00055-105. Investigation continues.**

16.     All documents relating to claims brought for failure to pay wages by any employee of Defendants, including with the IDOL and US DOL.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request could include documents that are wholly irrelevant to the matter at issue in this lawsuit.**

**Without waiving said objection, no claims have ever been brought by any other FFJ employees. FFJ was subject to a U.S. Department of Labor audit in 2016, the details of which are contained in the documents bearing Bates Numbers D00104-127. Investigation continues.**

17.     Any documents, including communications about hiring, firing, discipline, promotion, scheduling, supervision, by Plaintiff.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request**

is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.

Without waiving said objection, see p. D00001, previously produced by Defendants, as well as D00028-54 and D00128-152, produced herewith. Investigation continues.

18.     Any documents showing actual authority or decision making power and/or exercise of discretion and independent judgment by Plaintiff

RESPONSE:  Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.

Without waiving said objection, see D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.

19.     Any documents showing decisions made in matters of significance by Plaintiff.

RESPONSE:  Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.

Without waiving said objection, see Response to Request to Produce #18. Investigation continues.

20.     Any documents showing that decisions by Plaintiff were subject to review and approval of the Defendants and/or showing no review and approval by Defendants.

RESPONSE:  Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request

is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.

Without waiving said objection, see Response to Request to Produce #18. Investigation continues.

21. All communications from any other manager questioning, disputing, objecting or otherwise protesting the pay practices, job duties, misclassification or lack of payroll resources of Defendant.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, due to its inherent vagueness, this Request could include documents that are wholly irrelevant to the matter at issue in this lawsuit.**

**Without waiving said objection, no other manager has ever questioned, disputed, objected to, or otherwise protested FFJ's pay practices, job duties, classifications or payroll resources. Therefore, no documents responsive to this Request exist. Investigation continues.**

22. All documents which demonstrate that payments to salaried employees of Defendant including:

a. Base pay/salary payments;

b. Commissions;

c. Bonuses;

d. Any other payments.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is**

not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, as written, Defendants cannot determine what, exactly, Plaintiff is seeking in this Request. To the extent Plaintiff is seeking documents showing all payments made to ALL salaried employees of FFJ, Defendants object on the ground of relevance.

Without waiving said objection, with regard to payments paid to specifically to Plaintiff over his final three years of employment with FFJ, see p. D00001, previously produced by Defendants, as well as D00014-27. Investigation continues.

23. All documents related to the reason for Plaintiff's end of employment.

See documents produced herewith, bearing Bates Numbers D00179-180, demonstrating invoices for products that Plaintiff purchased through FFJ for use with another employer/entity, Midwest American Petroleum Company. Investigation continues.

24. Documents which demonstrate that DEFENDANT's claim of exempt classification is not lost, waived, and void.

RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, as written, Defendants cannot determine what, exactly, Plaintiff is seeking in this Request.

Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as all documents produced herewith. Investigation continues.

25.     All documents used by Defendant to evaluate, determine, receive advice, or counsel on whether Plaintiff was properly classified as exempt, exclusive, or other salaried classification.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, as written, this Request improperly seeks information and/or documents that are protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Without waiving said objections, no such documentation exists. Investigation continues.**

26.     All documents which demonstrate that Plaintiff's classification as salaried fits plainly and unmistakably in the salaried exemption, salaried exclusion or other salaried classification.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as all documents produced herewith. Investigation continues.**

27.     All schedules, listings, or other documents evidencing work or events occurring during the time Plaintiff worked for Defendants, including on the schedule all other persons, for purposes of identification of witnesses and other discoverable information.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see D00028-54 and D00128-152. Investigation continues.**

28.    All task lists, assignment lists, or other assignment documents for Plaintiff and other employees at Plaintiff's work location during the last two years of Plaintiff's work for Defendants.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Job Description, attached as pp. D00012-13 to Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project as well as D00028-54 and D00128-152. Investigation continues.**

29.    All video and audiotapes of Plaintiff working and/or Plaintiff supervising other employees.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objection, none. Investigation continues.**

30.     All job postings for employment for any salaried employee of Defendant during the last two years of the Plaintiff's work for Defendant until the present time.

**RESPONSE:  None. Investigation continues.**

31.     All documents which show the Plaintiff had authority to formulate, affect, interpret, or implement management policies or operating practices;

**RESPONSE:  Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

32.     All documents which shows [*sic*] Plaintiff carries out major assignments in conducting the operations of the business;

**RESPONSE:  Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

33. All documents which shows [*sic*] whether Plaintiff performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business;

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

34. All documents which show the Plaintiff had authority to commit the employer in matters that have significant financial impact;

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

35. All documents which show the Plaintiff had authority to waive or deviate from established policies and procedures without prior approval;

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is**

not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.

Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.

36.     All documents which show the Plaintiff had authority to negotiate and bind the company on significant matters;

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request is unduly burdensome in that it is largely repetitive of Request #34.**

**Without waiving said objections, see Response to Request #34. Investigation continues.**

37.     All documents which show the Plaintiff had provides [*sic*] consultation or expert advice to management;

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

38.     All documents which show the Plaintiff had is [*sic*] involved in planning long- or short-term business objectives;

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

39.     All documents which show the Plaintiff had is [*sic*] investigates and resolves matters of significance on behalf of management;

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request is unduly burdensome in that it is largely repetitive of Request #34.**

**Without waiving said objections, see Response to Request #34. Investigation continues.**

40.     All documents which show the Plaintiff had authority to handle complaints, arbitrating disputes or resolving grievances.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is**

not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.

**Without waiving said objections, none at this time. Investigation continues.**

41.    All documents which show the Plaintiff's primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as all documents produced herewith. Investigation continues.**

42.    All documents which show the Plaintiff's authority to formulate, affect, interpret, or implement management policies or operating practices;

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

43. All documents which show the Plaintiff's [*sic*] carried out major assignments in conducting the operations of the business;

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

44. All documents which show the Plaintiff's [*sic*] performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business;

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Plaintiff also objects on the basis that this Request is nearly identical to – and therefore repetitive of – Request to Produce #33.**

**Without waiving said objections, see Response to Request to Produce #33. Investigation continues.**

45. All documents which show the Plaintiff's work was directly related to management or general business operations includes, [*sic*] but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human

resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

46.     Each and every document which demonstrates Plaintiff's work hours.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request is unduly burdensome in that it is repetitive and seeks largely the same information as Request #10.**

**Without waiving said objections, see Response to Request #10. Investigation continues.**

47.     Plaintiff's supervisors [*sic*] personnel file(s).

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, as written, Defendants cannot discern what, exactly,**

**Plaintiff is seeking with this Request. To the extent Plaintiff is seeking access to the personnel files of the FFJ employees who supervised Plaintiff, Defendants object on the grounds of relevance.**

48.     All emails from and to the Plaintiff from the Plaintiff's supervisor.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request is unduly burdensome in that it is repetitive and seeks largely the same information as Requests #14-15.**

**Without waiving said objections, see Response to Request #14-15. Investigation continues.**

49.     Produce all documents which supporting [*sic*] Defendant's claims that Plaintiff primary duty was:

(i)     Requiring knowledge of an advanced type in a field of artistic or creative endeavor; or

(ii)    Requiring invention, imagination, originality or talent in a recognized field of field of artistic or creative endeavor

(iii)   all documents showing Plaintiff's engagement, education, training or other supporting materials that Plaintiff was in a field of artistic or creative endeavor and/or recognized field of field of artistic or creative endeavor Plaintiff was engaged, educated, trained or otherwise involved.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is**

not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request attributes claims to Defendants that Defendants have not made in this case.

Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.

50.     All documents supporting Defendants claims that Plaintiff

(1) The employee [*sic*] performed work requiring advanced knowledge;

(2) The advanced knowledge was in a field of science or learning; and

(3) The advanced knowledge was acquired by a prolonged course of specialized intellectual instruction.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request attributes claims to Defendants that Defendants have not made in this case.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

51.     All documents which demonstrate that Plaintiff work [*sic*] was predominantly intellectual in character, and which includes work requiring the consistent exercise of discretion and judgment, as distinguished from performance of routine mental, manual, mechanical or physical work.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request attributes claims to Defendants that Defendants have not made in this case.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

52.     all [*sic*] documents which demonstrates [*sic*] that Plaintiff performed work that used advanced knowledge to analyze, interpret or make deductions from varying facts or circumstances..

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request attributes claims to Defendants that Defendants have not made in this case.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

53.     All documents which demonstrate Plaintiff's alleged "field of science or learning''.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's**

**employment with FFJ. Further, this Request attributes claims to Defendants that Defendants have not made in this case.**

**Without waiving said objections, none. Investigation continues.**

54.     All documents which demonstrate Plaintiff's alleged areas of science or learning include in your production documents which demonstrate ANY of these fields:

a. traditional professions of law, medicine, theology, accounting, actuarial computation, engineering, architecture, teaching, various types of physical, chemical and biological sciences, pharmacy and other similar occupations that have a recognized professional status.

b. And all documents which show Plaintiff's alleged "field of science or learned, as distinguished from the

i.      mechanical arts or

ii.     skilled trades where in some instances the knowledge is of a fairly advanced type, but is not in a field of science or learning.

**RESPONSE:  Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request attributes claims to Defendants that Defendants have not made in this case.**

**Without waiving said objections, none. Investigation continues.**

55.     All documents which demonstrate Defendants claims that Plaintiff' work/knowledge ''customarily acquired by a prolonged course of specialized intellectual instruction''.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request attributes claims to Defendants that Defendants have not made in this case.**

**Without waiving said objections, none. Investigation continues.**

56. All documents which demonstrate Defendants claims that Plaintiff' work/knowledge meets the requirement is possession of the appropriate academic degree.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, this Request attributes claims to Defendants that Defendants have not made in this case.**

**Without waiving said objections, none. Investigation continues.**

57. All documents which demonstrate Plaintiff allegedly customarily and regularly directs the work of two or more other employees including documents containing the Names, addresses, phone numbers and email addresses of each of those employees and all documents which demonstrate Plaintiff's alleged direction of those employees.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see p. 8 of Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, and documents bearing Bates Numbers pp. D00001, D00006, and D00012-13, produced therewith. In addition, see D00028-54, D00128-152, and D00186-249 (timecards showing employees who worked directly for Plaintiff).**

58.     All documents which demonstrate Plaintiff's alleged supervision of employees such as

a.     interviewing, selecting, and training of employees;

b.      setting and adjusting the rates of pay and hours of work;

c.     directing the work of employees;

d.     maintaining production or sales records for use in supervision or control;

e.     appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status;

f.     handling employee complaints and grievances;

g.     disciplining employees;

h.     planning the work;

i.     determining the techniques to be used;

j.     apportioning the work among the employees;

k.     determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold;

l.     controlling the flow and distribution of materials or merchandise and supplies;

m.     providing for the safety and security of the employees or the property;

n.     planning and controlling the budget; and monitoring or implementing legal compliance measures.

o.    Approving disapproving or otherwise partaking in employees [*sic*] leaves, time off requests, or other documents related to employees attendance.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Response to Request to Produce #57.**

59.    All evidence that Defendant had posted a notice of wage law rights, including all purchase receipts, invoices and indications of payments for same for any time while Plaintiff was employed.

**RESPONSE: See photos produced herewith, bearing Bates Numbers D00181-182.**

60.    A map, drawing or schematic of the Defendants work site, such a [*sic*] floor map, blue print, or other graphic depiction of the facility where Plaintiff worked.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request seeks information that is wholly irrelevant to the substance of Plaintiff's claims in this matter.**

**Without waiving said objections, see Facility Layout, produced herewith bearing Bates Number D00250. Investigation continues.**

61.    Time cards, computer time records or any other document which shows the hours of work of:

a. Plaintiff

b. Employees he allegedly supervised

c. Defendants

d. All other employees of Defendant.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, as explained repeatedly herein, Plaintiff and Defendants, as managers, were not required to record their time. Finally, to the extent this Request seeks the time/payroll records of ALL FFJ employees, this Request seeks information that is wholly irrelevant to the substance of Plaintiff's claims in this matter.**

**Without waiving said objections, D00186-249. Investigation continues.**

62.     Produce a receipt, invoice, evidence of payment for all personal items claimed by Plaintiff, including:

a. Miller Welder

b. Engine driven welder trail blazer 300 series.

c. Miller Mig Welder 145

d. Parts w asher

e. Tool bag with tools

f. 16foot aluminum Plank

g. 48 inch rigid pipewrench

h. Hydraulic gear puller

i. Roof torches

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request**

seeks information regarding ownership of items which Plaintiff alleges, and which Defendants deny, were unlawfully converted. To that extent, it is *Plaintiff's* burden – not Defendants' – to show proof of ownership of said items.

63.    Documents demonstrating sales of Defendants in years prior to 2017, as Defendant denied that sales for prior years were over $500,000. (see Answer ¶ 10).

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, the Request again improperly seeks information from Defendants on an issue on which Plaintiff has the burden of proof.**

**Without waiving said objections, see Sales Statements produced herewith, bearing Bates Numbers D00183-185.**

64.    All documents which demonstrate the days, times of operations of the Defendants [*sic*] facility.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see D00106. Investigation continues.**

65.    All document [*sic*] which demonstrate installation of anything by Plaintiff or any other employee in Defendants [*sic*] facility for the last three years of Plaintiff's employment, including all invoices,

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, as written, Defendants cannot discern what, exactly, Plaintiff is seeking with this Request. To the extent the Request is seeking information regarding fixtures and/or equipment installed "by Plaintiff or any other employee," Defendants object on the basis of relevance as such information is wholly irrelevant to any claims brought by Plaintiff in this matter.**

**Without waiving said objection, see D00128-152, generally. Investigation continues.**

66.    Any and all other documents in the possession of Defendants that pertain to this legal action and that are not described above.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Request is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ.**

**Without waiving said objections, see Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as all documents produced herewith. Investigation continues.**

DATED:        May 8, 2018

Respectfully submitted,

*/s/ Ryan A. Mahoney*

Patrick M. Hincks
Ryan A. Mahoney
SULLIVAN HINCKS & CONWAY
120 West 22nd Street, Suite 100
Oak Brook, Illinois 60523
TEL:   630-573-5021
PatHincks@shlawfirm.com
RyanMahoney@shlawfirm.com

## <u>VERIFICATION</u>

I, WILLIAM J. FRANKO, as an authorized representative of the Defendants in this matter, have reviewed the attached Response to Request for Production. I have personally participated in the drafting of said answers and the collection of documents/items responsive to said answers. On behalf of all Defendants, I declare, pursuant to 28 U.S.C. 1746(2), under penalty of perjury, that the matters set forth herein are true and correct to the best of my knowledge.

_____
WILLIAM J. FRANKO

DATED:      May 8, 2018

## CERTIFICATE OF SERVICE

I, Ryan A. Mahoney, an attorney, hereby certify that I served this document on the parties listed herein on May 8, 2018, via electronic mail and via first class U.S. Mail, proper postage affixed, by dropping same in the regular U.S. Mailbox located at 120 West 22nd Street, Oak Brook, Illinois 60523.

*/s/ Ryan A. Mahoney*

## SERVICE LIST

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
attorneyireland@gmail.com
*Counsel for Plaintiff*