**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DANIEL JAROCH,<br><br>Plaintiff,<br><br>v.<br><br>FLORIDA FRUIT JUICES, INC.,<br>DONALD FRANKO, SR.,<br>DONALD FRANKO, JR., and<br>WILLIAM J. FRANKO<br><br>Defendants. | Case No.: 17-CV-8518<br><br>Hon. Virginia M. Kendall |

**DEFENDANTS' ANSWERS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

NOW COME Defendants, FLORIDA FRUIT JUICES, INC.; DONALD FRANKO, SR.; DONALD FRANKO, JR.; and WILLIAM J. FRANKO (hereinafter "Defendants"), and pursuant to Rules 26 and  33 of the Federal Rules of Civil Procedure, submit the following answers to Plaintiff's First Set of Interrogatories:

1.      Please state the name, address, phone number, and position of any and all individuals that prepared, compiled, contributed to, or assisted in any way in responding to these interrogatories.

**ANSWER:   William J. Franko, Vice President – Florida Fruit Juices, Inc. (hereinafter "FFJ"); Donald Franko, Sr., President – FFJ; Donald Franko, Jr., Vice President – FFJ; and Defendants' counsel.**

2.     Identify each and every person whom you believe to possess knowledge of any facts or circumstances which refer or relate to any of the allegations in Plaintiffs' Complaint. For each person identified:

        a.     State full name;

        b.     State whether the person is an employee of Defendant and their title;

        c.     State the last known address and telephone number of said person; and

        d.     Describe the knowledge belied to be possessed by said person.

**ANSWER:     See Response #1 contained on pp. 1-4 of Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, served on Plaintiff's counsel on March 2, 2018. Investigation continues.**

3.     Identify the following information regarding Plaintiff's employment with Defendant:

        a.     Date of hire;

        b.     Dates of all changes in employment;

        c.     All compensation paid during all relevant times of employment, including

                i.      benefits;

                ii.     all overtime wages paid;

                iii.    all bonuses, commission or incentive payments

        d.     Complete employment history; and [*sic*]

        e.     All positions held with Defendant.

        f.     all hours/minutes worked and all hours/minutes paid

        g.     all schedules and other indications of days and hours worked

        h.     all documents demonstrating work hours

2

**ANSWER:** Objection. This Interrogatory is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Specifically, this Interrogatory is not limited to the relevant time period in question, which is the last three years of Plaintiff's employment with FFJ. Further, the term "complete employment history" is not defined, and is vague as to what, exactly, Plaintiff seeks. Finally, this Interrogatory consists of eight distinct sub-parts, and thus will be treated as eight separate interrogatories.

Without waiving said objections, Defendants submit the following answers:

3(a). Plaintiff was hired by FFJ on December 4, 2000.

3(b). For the last three years of his employment with FFJ, Plaintiff held the position of Maintenance Manager; his position did not change during that time period.

3(c). See document D000001 produced with Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project and D00014-27, produced herewith.

3(d). Defendants cannot answer this Interrogatory because they do not know what Plaintiff is seeking in terms of a "complete employment history."

3(e). For the last three years of his employment with FFJ, Plaintiff held the position of Maintenance Manager.

3(f). As a member of FFJ's management team, Plaintiff was not required to keep track of his hours/minutes worked. He was paid on a salary basis. See, also, the description of Plaintiff's work schedule contained in Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, pp. 8-9.

3(g). As a member of FFJ's management team, Plaintiff was not required to stick to a set schedule. As a practical matter, Plaintiff was permitted to come and go as he pleased, provided he was available to address various maintenance issues as they arose. See, also, the

description of Plaintiff's work schedule contained in Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, pp. 8-9.

3(h). **As a member of FFJ's management team, Plaintiff was not required to document the hours that he worked. See, also, the description of Plaintiff's work schedule contained in Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, pp. 8-9.**

4. Please describe in detail each and every one of the Plaintiff's job duties and responsibilities.

**ANSWER: See, Job Description, attached as pp. D00012-13 to Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project.**

5. Was the Plaintiff classified as "exempt" from overtime? If yes, please provide the following:

a. The exact FLSA provision and/or DOL Regulation on which Defendant based that classification;

b. Any 'alternative' basis's [*sic*] of the salary classification for the Plaintiff;

c. State each and every effort, inquiry, and legal opinion received that lead Defendant to classify Plaintiff as "exempt" and/or to pay on a "salary basis"

d. State if Defendant received or asked for information relating to how Defendant's [*sic*] claim of exemption would be effected, changed, altered or potentially or actually challenged by a policy which requires payments by employees who were paid on a "salary basis"; if no information was received relate [*sic*] to this request, please state that no information was received.

4

      e.      state if Plaintiff was ever paid on an hourly basis, and if so, what was the reasons [*sic*] for the change in status to alleged salary biases [*sic*] and the dates for both the change to salaried and the date for review and determination of same, including in your answer all analysis, legal review, changes to job duties which lead to the alleged change in classification.

**ANSWER:**    **Objection. This Interrogatory is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Defendants also object to the extent this Interrogatory seeks legal advice / analysis that is protected by the attorney-client privilege and/or the attorney work product doctrine. Further, Defendants cannot provide answers to interrogatories 5(b) and 5(d) because, as worded, Defendant cannot discern what, exactly, Plaintiff is seeking in those interrogatories. Finally, this Interrogatory consists of five distinct sub-parts, and thus will be treated as five separate interrogatories.**

**Without waiving said objections, Defendants provide the following answers:**

**5(a).   Yes, Defendants classified Plaintiff as an "exempt" employee for all relevant purposes, pursuant to 29 USC §213(a)(1) and its attendant regulations, including but not limited to, 29 CFR §541.100; 29 CFR §541.102; 29 CFR §541.106; 29 CFR §541.600 and 29 CFR §541.703(b)(4).**

**5(b).   Defendants cannot provide an answer to this Interrogatory because Defendants cannot discern what, as worded, this Interrogatory is seeking.**

**5(c).   Defendants object to this Interrogatory on the basis that it seeks legal advice/opinions protected by the attorney-client privilege and/or attorney work product doctrine.**

**5(d). Defendants cannot provide an answer to this Interrogatory because Defendants cannot discern what, as worded, this Interrogatory is seeking.**

**5(e). Plaintiff was always paid on a salary basis, as set forth in documents bearing Bates Number D00001, produced with Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, and D00014-27, produced herewith.**

6.      Identify all salaried employees of Defendant in the last three years prior to the filing of the Complaint:

a.      full name;

b.      State whether the person is an employee of Defendant and their title, and location(s):

c.      State the last known home address and telephone number of said person; and [*sic*]

d.      email address of same (if known)

e.      all known phone numbers.

**ANSWER:   Objection. This Interrogatory is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. The identity – particularly the personally-identifiable information sought herein – of other employees of FFJ has no relevance to whether Plaintiff received proper compensation during his employment with FFJ.**

7.      Describe all actions of Plaintiff which demonstrate his primary duty [*sic*] the exercise of discretion and independent judgment with respect to matters of significance by Plaintiff include in your answer:

a.      Date

b.      Time

c.      Location (including the location were [*sic*] Plaintiff was within Defendant [*sic*] facilities)

d.      Witnesses

e.      Documents created

f.      Changes, alterations, modification, or other affects [*sic*] caused by the alleged exercise of authority

g.      Name all other persons involved in the decision making including who made the decisions, and who provided input.

h.      The amount of time expended in management each day.

**ANSWER:    Objection. This Interrogatory is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Defendants cannot answer this Interrogatory because Defendants cannot discern what, exactly, Plaintiff is seeking.**

**Without waiving said objections, to the extent Plaintiff is seeking information regarding Plaintiff's exercise of discretion and independent judgment in his role as Maintenance Manager for FFJ, see pp. 7-10 of Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as documents bearing Bates Numbers D00002-13 produced therewith. See, also, documents bearing Bates Numbers D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

8.      Describe all actions, decisions and work in which Plaintiff performed office or non-manualwork [*sic*] directly related to the management or general business operations of the employer or the employer's customers [*sic*] include in your answer:

a.      Date

7

b.      Time

c.      Location (including the location were [*sic*] Plaintiff was within Defendant [*sic*] facilities)

d.      Witnesses

e.      Documents created

f.      Changes, alterations, modifications, or other affects [*sic*] caused by the alleged exercise of office or non-manualwork [*sic*]

g.      Name all other persons involved in the office or non-manualwork [*sic*] including who else performed the office work and/or non-manual work.

h.      The amount of time expended in office or non-manualwork [*sic*] each day.

i.      Name the type of workperformed [*sic*] by the employee

**ANSWER:   Objection. This Interrogatory is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. Defendants cannot possibly set for the exact date, time, location, and other details of every "action, decision and work" performed by Plaintiff during his time at FFJ. Further, this interrogatory consists of at least six distinct sub-parts [(1) the date, time, location, and type of work performed by Plaintiff (sub-parts a-c; i); (2) the identity of witnesses to the work performed by Plaintiff (sub-part d); (3) any documents created by Plaintiff during the performance of his work (sub-part e); (4) the "changes, alterations, modifications, or other affects [sic]" caused by Plaintiff's performance (sub-part f); (5) the identify of all other individuals involved in office and/or non-manual work at FFJ (sub-part g); and (6) the amount of time Plaintiff expended performing office and/or non-manual work each day (sub-part h)], and thus will be treated as six separate interrogatories.**

**Without waiving said objections, to the extent Plaintiff is seeking information regarding Plaintiff's performance of office and/or non-manual work in his role as Maintenance Manager for FFJ, see pp. 7-10 of Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as documents bearing Bates Numbers D00002-13 produced therewith. See, also, D00028-54, D00055-103, and D00128-152, produced herewith. Investigation continues.**

9.     Describe what authority Plaintiff had to hire or fire other employees promote, assign, discipline, and/or make any tangible employment decisions for any employee include in your answer all specific instances where such authority was exercised by Plaintiff, including:

a.     Date

b.     Time

c.     Location (including the location were [*sic*] Plaintiff was within Defendant [*sic*] facilities)

d.     Witnesses

e.     Documents created

f.     Changes, alterations, modification, or other affects [*sic*] caused by the alleged exercise of authority

g.     Name all other persons involved [*sic*] tangible employment action in the [*sic*] including who made the decisions, and who provided input.

h.     Name all persons Plaintiff interviewed for employment, and/or participated in the hiring process for.

i.     Name all persons Plaintiff evaluated, including all performance reviews by Plaintiff of other employees.

j.      Name all persons Plaintiff disciplined, including all disciplines Plaintiff drafted, signed, co-wrote or otherwise partook in.

k.      Name all persons whom Plaintiff ended the employment of, including all employment terminations in which Plaintiff partook, advised, drafted termination papers or otherwise engaged or contributed to the termination of same employee.

**ANSWER:    Objection. This Interrogatory is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. This Interrogatory consists of at multiple distinct sub-parts, which, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceed the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure.**

**Without waiving said objections, see p. 8 of Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as documents bearing Bates Numbers D00001, D00006-7, and D00012-13 produced therewith. See, also, D00128-152 and D00186-249, produced herewith. Investigation continues.**

10.     Describe what authority Plaintiff had regarding staffing, participation and/or assistance in the development, enforcement, and/or implementation of any company policies, include in your answer all specific instances where such authority was exercised by Plaintiff, including:

l)[*sic*]  Date

m)[*sic*] Time

n)[*sic*] Location (including the location were [*sic*] Plaintiff was within Defendant [*sic*] facilities)

o)[*sic*] Witnesses

p)[*sic*] Documents created

q) [*sic*] Changes, alterations, modifications, or other affects [sic] caused by the alleged exercise of authority.

**ANSWER: Objection. This Interrogatory is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. This Interrogatory consists of multiple distinct sub-parts, which, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceed the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure. Furthermore, Defendants could not possibly set forth every single "specific instance" in which Plaintiff exercised his management authority over the course of his last three years employment with FFJ. Finally, this Interrogatory is repetitive, as it seeks largely the same information as the previous three interrogatories.**

**Without waiving said objections, see Answers to Interrogatories 7-9 herein.**

11. Please identify all company policies, practices, and procedures, whether written or oral, formal or informal, related to FLSA, and Illinois Wage Laws. For each such policy or procedure:

a. Identify the effective dates of the policy, practice, or procedure;

b. The location of the policy, practice or procedure;

c. The individual(s) responsible for drafting the policy, practice, or procedure;

d. The dates the policy, practice, or procedure was revised, modified and updated;

e. A copy of any written policy, practice or procedure; and

f. A summary of any oral policy, practice or procedure.

11

**ANSWER: Objection. This Interrogatory is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. This Interrogatory consists of multiple distinct sub-parts, which, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceed the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure.**

**Without waiving said objections, FFJ did not have any formal, written policies or procedures relating to FLSA or Illinois wage laws during Plaintiff's employment at FFJ. Any instructions/guidance to employees with regard to those areas would have been provided verbally. Subsequently, FFJ has memorialized its policies and procedures in the FFJ Employee Handbook, produced herewith bearing Bates Numbers D00153-179. See, also, labor law posters at FFJ's facilities, photos of which are being produced herewith bearing Bates Numbers D00181-82. Investigation continues.**

12. Describe all decisions Plaintiff made and describe what if any review and approval of the management of Defendant occurred, include in your answer all specific instances where such decisions were exercised by Plaintiff, including:

a. Date

b. Time

c. Location (including the location were [*sic*] Plaintiff was within Defendant [*sic*] facilities)

d. Witnesses

e. Documents created

f. Changes, alterations, modification, or other affects [*sic*] caused by the alleged exercise of authority

g.  Name all other persons involved in the decision making including who made the decisions, and who provided input.

**ANSWER:  Objection. This Interrogatory is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. This Interrogatory consists of multiple distinct sub-parts, which, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceed the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure. Furthermore, Defendants could not possibly set forth every single "decision[ ] Plaintiff made" or each "specific instance" in which Plaintiff made a deicsion over the course of his last three years employment with FFJ. Finally, this Interrogatory is repetitive, as it seeks largely the same information as Interrogatories 7-9.**

**Without waiving said objections, see Answers to Interrogatories 7-9 herein.**

13.  Please identify all witnesses that you expect to call to testify at any hearing, trial, or other proceeding related to this matter. Please provide the name, address, and a summary of each witness' knowledge and the subject matter upon which the witness is expected to testify.

**ANSWER:  Objection. This Interrogatory, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceeds the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure. Furthermore, at this stage in this litigation, Defendants have not yet identified the final lists of witnesses that they may call to testify at any hearing, trial, or other proceeding related to this matter.**

**Without waiving said objections, see Response #1 contained on pp. 1-4 of Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, served on Plaintiff's counsel on March 2, 2018. Investigation continues.**

13

14.     Identify each person whom you expect to call as an expert witness at trial, if any, and as to each potential expert identified include: the subject matter on which the expert is expected to testify; a complete statement of all opinions to which the expert is expected to testify and be expressed, and the basis, reasons, grounds therefore; the data or other information considered by the witness in forming the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Identify all documents related to your answer.

**ANSWER:    Objection. This Interrogatory, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceeds the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure.**

**Without waiving said objection, at this stage in this litigation, Defendants have not yet identified any expert witnesses that will testify on behalf of Defendants. To the extent necessary, Defendants expressly reserve their right to supplement this response as this litigation progresses, consistent with the Federal Rules of Civil Procedure and any discovery orders entered by the Court herein.**

15.     Identify each and every document that you intend to introduce at any hearing, trial, or other proceeding related to this matter.

**ANSWER:    Objection. This Interrogatory, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceeds the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure.**

**Without waiving said objection, see all documents previously produced, all documents produced herewith and in response to Plaintiff's First Request for Production of Documents. Investigation Continues.**

16.     Describe each and every fact which supports Defendants' Fourth Affirmative Defense, Exemption.

**ANSWER:    Objection. This Interrogatory is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. In addition, this Interrogatory, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceeds the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure.**

**Without waiving said objection, see pp. 6-10 of Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, as well as documents bearing Bates Numbers D00001-13 produced therewith. See, also, all documents produced herewith and in response to Plaintiff's First Request for Production of Documents. Investigation Continues.**

17.     Describe each and every instance where Plaintiff exercised of [sic] discretion and independent judgment each day in 2017.

**ANSWER:    Objection. This Interrogatory is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. This Interrogatory, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceeds the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure. Furthermore, Defendants could not possibly set forth "each and every instance" in which Plaintiff exercised discretion and independent judgment over the course of an entire year. Notably, this Interrogatory is not even limited to Plaintiff's employment with FFJ.**

15

Finally, this Interrogatory is repetitive, as it seeks largely the same information as Interrogatories 7-9.

**Without waiving said objections, see Answers to Interrogatories 7-9 herein.**

18.     Describe each and every fact which supports Defendants' Fifth Affirmative Defense, Notice.

**ANSWER:    Objection. This Interrogatory, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceeds the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure.**

**Without waiving said objection, during his employment with FFJ – and, in particular, during his last three years of employment with FFJ – Plaintiff never complained to any of the Defendants regarding the number of hours he was working. As set forth in Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project, Plaintiff would commonly show up for work long after start-up of production, and his constant presence at the facility was not required. Investigation continues.**

19.     Describe in detail all facts supporting Defendant's [*sic*] claims that Plaintiff [*sic*] primary duty was:

(i)     Requiring knowledge of an advanced type in a field of artistic or creative endeavor; or

(ii)     Requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor

Include in your answer, which field of artistic or creative endeavor and/or recognized field of field [*sic*] of artistic or creative endeavor Plaintiff was engaged, educated, trained or otherwise involved.

16

**ANSWER:** **Objection. This Interrogatory, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceeds the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure. Further, this Interrogatory is based on an erroneous assumption – that Defendants have "claimed" that Plaintiff was engaged in a field of artistic or creative endeavor.**

**Without waiving said objections, to the extent this Interrogatory seeks facts supporting claims of exemption that Defendants actually *have* made, see Answers to Interrogatories 7-9 herein, as well as Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project and the documents produced therewith. Investigation continues.**

20.    Describe all aspects of Plaintiff's alleged "Advanced knowledge" education including:

      1)    The highest level of education obtained by Plaintiff

      2)    The colleges, universities, and/or academies Plaintiff attended

      3)    The degree Plaintiff received

**ANSWER:** **Objection. This Interrogatory, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceeds the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure. Further, this Interrogatory is based on an erroneous assumption – that Defendants have claimed that Plaintiff was possessed "Advanced knowledge" requiring an advanced degree and/or education.**

**Without waiving said objections, to the extent this Interrogatory seeks facts supporting claims of exemption that Defendants actually *have* made, see Answers to**

Interrogatories 7-9 herein, as well as Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project and the documents produced therewith. Investigation continues.

21.     Describe all facts supporting Defendant's [*sic*] claims including Plaintiff's alleged "Advanced knowledge" including if Defendant [*sic*] is claiming Plaintiff has substantially the same knowledge and perform substantially the same work as the degreed employees, but who attained the advanced knowledge through a combination of work experience and intellectual instruction.

**ANSWER:     Objection. This Interrogatory, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceeds the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure. Further, this Interrogatory is based on an erroneous assumption – that Defendants have "alleged" that Plaintiff was possessed "Advanced knowledge" requiring an advanced degree and/or education.**

**Without waiving said objections, to the extent this Interrogatory seeks facts supporting claims of exemption that Defendants actually *have* made, see Answers to Interrogatories 7-9 herein, as well as Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project and the documents produced therewith. Investigation continues.**

22.     Describe all instances in which Plaintiff allegedly customarily and regularly directs the work of two or more other employees including:

1)      Names, addresses, phone numbers and email addresses of each of those employees

2)      all facts which support that Plaintiff directed the work of those employees.

**ANSWER:     Objection. This Interrogatory is overly broad, unduly burdensome, and not reasonably tailored to lead to the discovery of relevant evidence. This Interrogatory**

when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceeds the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure. Furthermore, Defendants could not possibly set forth "all instances" in which Plaintiff directed the work of FFJ employees over the course of his last three years employment with FFJ. Finally, this Interrogatory is repetitive, as it seeks largely the same information as previous interrogatories.

Without waiving said objections, see Answers to Interrogatories 7-9 herein, as well as Defendants' Disclosures Pursuant to The Mandatory Initial Discovery Project and the documents produced therewith. See, also, documents bearing Bates Numbers D00186-249, consisting of timecards of employees who regularly worked directly for Plaintiff. Investigation continues.

23. Describe in detail how Plaintiff was given free access to retrieve all his personal property after his termination, including all witnesses to the event.

Objection. This Interrogatory, when combined with the preceding interrogatories, including their multiple distinct sub-parts, exceeds the 25 interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure.

Without waiving said objection, Plaintiff was terminated on September 28, 2017. During the week of October 2, 2017, Plaintiff was permitted full access to the maintenance shop to retrieve his property by prior arrangement. Plaintiff visited FFJ on two occasions, accompanied and assisted by his son, as well as William Franko and Donald Franko. During each visit, Plaintiff had a truck on to which he loaded his equipment. At the last visit, Plaintiff and Donald Franko talked about what else Plaintiff needed, and Plaintiff stated that the only item he would need was his aluminum plank that was located in a loft. Plaintiff has never

**returned to pick up the aluminum plank. At no time did Plaintiff make any demand prior to filing suit with regard to any other items.**

DATED:        May 8, 2018

Respectfully submitted,

*/s/ Ryan A. Mahoney*

Patrick M. Hincks
Ryan A. Mahoney
SULLIVAN HINCKS & CONWAY
120 West 22nd Street, Suite 100
Oak Brook, Illinois 60523
TEL:   630-573-5021
PatHincks@shlawfirm.com
RyanMahoney@shlawfirm.com

## **VERIFICATION**

I, WILLIAM J. FRANKO, as an authorized representative of the Defendants in this matter, have reviewed the attached Answers to Interrogatories. I have personally participated in the drafting of said answers and the collection of documents/items responsive to said answers. On behalf of all Defendants, I declare, pursuant to 28 U.S.C. 1746(2), under penalty of perjury, that the matters set forth herein are true and correct to the best of my knowledge.

WILLIAM J. FRANKO

DATED:    May 8, 2018

## <u>CERTIFICATE OF SERVICE</u>

     I, Ryan A. Mahoney, an attorney, hereby certify that I served this document on the parties listed herein on May 8, 2018, via electronic mail and via first class U.S. Mail, proper postage affixed, by dropping same in the regular U.S. Mailbox located at 120 West 22nd Street, Oak Brook, Illinois 60523.

*/s/ Ryan A. Mahoney*

## SERVICE LIST

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
attorneyireland@gmail.com
*Counsel for Plaintiff*
