# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIEL JAROCH,<br><br>    Plaintiff,<br><br>    v.<br><br>FLORIDA FRUIT JUICES, INC.,<br>DONALD FRANKO, SR.,<br>DONALD FRANKO, JR., and<br>WILLIAM J. FRANKO<br><br>    Defendants. | Case No.: 17-CV-8518<br><br>Hon. Virginia M. Kendall |

## DEFENDANTS' MOTION FOR SANCTIONS

NOW COME Defendants, FLORIDA FRUIT JUICES, INC.; DONALD FRANKO, SR.; DONALD FRANKO, JR.; and WILLIAM J. FRANKO (hereinafter "Defendants"), and move this Honorable Court for an order dismissing this case, with prejudice, as a sanction for the misconduct of Plaintiff, DANIEL JAROCH. In support of said motion, Defendants state as follows:

### INTRODUCTION

On or about May 2, 2019, Plaintiff DANIEL JAROCH ("Jaroch") called Ricardo Velazquez, an employee of Defendant FLORIDA FRUIT JUICES, INC. ("FFJ"), and threatened Mr. Velazquez with litigation and other unspecified "bad" things, merely because Mr. Velazquez had submitted an affidavit in support of Defendants' pending Motion for Summary Judgment in this matter. Mr. Jaroch's voicemail is the latest in a string of incidents throughout the course of this litigation by which Mr. Jaroch has attempted to disparage Defendants and/or intimidate FFJ employees. Defendants hereby request that this Honorable Court exercise its inherent authority to

1

sanction Plaintiff for his abuse of the judicial process and for otherwise conducting this litigation in bad faith. As witness tampering is among the most grave abuses of the judicial process, Defendants ask that Plaintiff's case be dismissed, with prejudice, as a sanction for his misconduct.

## BACKGROUND

Plaintiff Dan Jaroch was terminated from his employment at FFJ on September 28, 2017. Shortly thereafter, on November 25, 2017, Jaroch filed the instant lawsuit seeking alleged overtime and other unpaid wages from FFJ and its officers. (Docket No. 1). In March 2018, Defendants noticed Jaroch repeatedly on or near the FFJ premises, harassing or otherwise bothering FFJ employees. On March 6, 2018, counsel for Defendant sent a letter to Plaintiff's counsel requesting that Jaroch immediately cease all visits to FFJ and/or contact with FFJ employees. (A copy of counsel's March 6, 2019 letter is attached hereto as "Exhibit 1"). Defendants received no response from Jaroch or Plaintiff's counsel.

In May 2018, Defendants again observed Jaroch driving toward the FFJ facility. When Defendants returned to the facility, FFJ employees reported that Jaroch had once again approached at least one employee and made disparaging remarks about the Defendants. Once again, on May 16, 2018, Defendants' counsel sent a letter to Plaintiff's counsel requesting that Jaroch immediately cease and desist all visits to FFJ's premises and contact with FFJ employees. (A copy of counsel's May 16, 2018 letter is attached hereto as "Exhibit 2"). This time, Plaintiff's counsel responded, claiming that Jaroch was not on FFJ property, denying that Jaroch disparaged Defendants, and admonishing Defendants' counsel that Jaroch's behavior "is not any concern or yours, theirs [Defendants], or mine." (A copy of Plaintiff's counsel's May 17, 2018 letter is attached hereto as "Exhibit 3").

On April 17, 2019, Defendants filed their Motion for Summary Judgment in this matter. (Docket Nos. 89-91). Defendants' motion included a declaration from Ricardo Velazquez, a FFJ employee. (Docket No. 90-8). A little over two weeks after Defendants filed their motion, on May 2, 2019, Velazquez received a voicemail from Jaroch that stated:

> Ricardo this is Dan.
>
> Ricardo I told you don't get involved because now you're going to get sued. I don't want to sue you.
>
> You're good guys, you shouldn't have got involved. Because now it's bad. Believe me all this is bad.
>
> I told you, do not get involved. So I hope Donny got money for a lawyer for you, cause that's what's going to happen now.
>
> Give me a call if you want. If not I told you not to get involved so… you're going to see. I tried to tell you so… if you want to call me fine, if not, I feel sorry for you guys, so I'll talk to you.

(*See*, Declaration of Ricardo Velazquez, attached hereto as "Exhibit 4").[1]

Thereafter, Velazquez shared the voicemail with Defendants and expressed his fear that his participation in this case would lead to retaliation from Jaroch. (Velazquez Dec., ¶¶ 6-7).

## **LEGAL STANDARD**

This Court has the inherent power to sanction a party who willfully abuses the judicial process or otherwise conducts litigation in bad faith. Twyman v. S&M Auto Brokers, 2018 U.S. Dist. LEXIS 52111, *16 (N.D. Ill. 2018). The inherent power of the Court should be exercised not just to remedy prejudice, but to "'reprimand the offender and deter future parties from trampling upon the integrity of the court.'" Id., *quoting* Flextronics Int'l, USA, Inc. v. Sparkling Drink Sys.

---

[1] Defendants have an audio recording of the voicemail in question which will be provided to Plaintiff's counsel along with the e-mailed service copy of the instant motion. Defendants can also e-mail the audio recording to the Court, upon request.

3

Innovations Ctr., Ltd., 230 F.Supp.3d 896, 906-07 (N.D. Ill. 2017). The Court "need not assess the impact of a misbehaving litigant's *willful* conduct on the litigation before imposing sanctions." Ramsey v. Broy, 2010 U.S. Dist. LEXIS 27768, * 14 (S.D. Ill. 2010), *quoting* Salmeron v. Enter. Recovery Sys., Inc., 579 F.3d 787, 797 (7th Cir. 2009)(emphasis in original). Dismissal of a plaintiff's case is "an entirely reasonable response" to instances of witness tampering. Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 781 (7th Cir. 2016); *see, also*, Ramsey, 2010 U.S. Dist. LEXIS 27768 at *19 (electing to dismiss the plaintiff's case where monetary sanctions were unlikely to act as a deterrent and there was no testimony or witnesses to bar/exclude).

## ARGUMENT

**Plaintiff's case should be dismissed, with prejudice, as a sanction for witness tampering.**

Attempting to improperly influence or intimidate a witness in an ongoing lawsuit constitutes "fraud on the court and on the opposing party." Ty Inc. v. Softbelly's, Inc., 517 F.3d 494, 498 (7th Cir. 2008). Such behavior is not only sanctionable conduct, it is a Federal crime. Ramsey v. Broy, 2010 U.S. Dist. LEXIS 27768, * 14 (S.D. Ill. 2010); 18 U.S.C. § 1512(b) (2019). "[W]itness tampering is among the most grave abuses of the judicial process, and as such it warrants a substantial sanction." Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 781 (7th Cir. 2016).

Here, Jaroch has engaged in a pattern of attempts to intimidate and/or influence witnesses in this matter. His most recent – and most brazen – attempt to intimidate Mr. Velazquez, *during the pendency of the Defendants' Motion for Summary Judgment*, demonstrates his utter disregard for the integrity of the judicial process. The full extent of Jaroch's tampering efforts cannot be truly known; Mr. Velazquez is the only recipient of Jaroch's behavior who has come forward *so far*. Notably, in his voicemail to Mr. Velazquez, Jaroch states that he "feel[s] sorry for *you guys*," indicating that his intimidation tactics are not limited to just Mr. Velazquez, but to *anyone* who

4

testifies for the Defendants in this matter. (Ex. 4)(emphasis added). In such a case, monetary sanctions or a protective order are insufficient, because the damage has already been done. Mr. Velazquez has already admitted that he is fearful of Jaroch's threatened retribution if Mr. Velazquez continues to testify on behalf of Defendants. How many others has Jaroch successfully intimidated, who may be too afraid to come forward? While dismissal of a party's case as a sanction for misconduct may be an "extreme sanction," it is often the only sanction that will successfully achieve the desired result of reprimanding the offender while deterring similar conduct by future parties. Ramsey, 2010 U.S. Dist. LEXIS 27768 at *19. Here, Jaroch has demonstrated disdain for the orderly administration of justice afforded by the judicial process. He should lose the privilege to proceed with his case as a result.

WHEREFORE, Defendants, FLORIDA FRUIT JUICES, INC.; DONALD FRANKO, SR.; DONALD FRANKO, JR.; and WILLIAM J. FRANKO, respectfully request this Honorable Court enter an Order:

(a) Dismissing Plaintiff's case, in its entirety, with prejudice, as a sanction for his misconduct; or

(b) Alternatively, setting an evidentiary hearing in this matter so that the Court can assess the testimony and evidence on this issue before ruling;

and

(c) Granting Defendants such other relief as this Court deems just and appropriate.

        Respectfully submitted,

        */s/ Ryan A. Mahoney*

Patrick M. Hincks
Ryan A. Mahoney
SULLIVAN HINCKS & CONWAY
120 West 22nd Street, Suite 100
Oak Brook, Illinois 60523
TEL: 630-573-5021
PatHincks@shlawfirm.com
RyanMahoney@shlawfirm.com

## **CERTIFICATE OF SERVICE**

  I, Ryan A. Mahoney, an attorney, hereby certify that I served this document on the parties listed herein on May 14, 2019, via the Court's ECF system and via e-mail at the address listed below.

/s/ Ryan A. Mahoney

## **SERVICE LIST**

John C. Ireland<br>
The Law Office of John C. Ireland<br>
636 Spruce Street<br>
South Elgin IL 60177<br>
attorneyireland@gmail.com<br>
<i>Counsel for Plaintiff</i>